# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2021

Lyle W. Cayce
Clerk

No. 20-60666
Summary Calendar

Ronal Lima-Gonzalez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 951 517

Before Smith, Graves, and Willett, *Circuit Judges*.

Per Curiam:*

Ronal Lima-Gonzalez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming the denial of his motion to reopen proceedings and rescind the in absentia order of removal entered by the immigration judge (IJ).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

On June 26, 2002, the former Immigration and Naturalization Service served Lima-Gonzalez with a putative notice to appear (NTA), asserting he was removable because he was present in the United States without admission or parole. The NTA directed Lima-Gonzalez to appear at a removal hearing at a time, date, and location to be determined. The immigration court later served several notices of hearing either to Lima-Gonzalez personally or by mail to an attorney named Hugo Florido. The final notice of hearing, which was mailed to Florido, reset Lima-Gonzalez's proceedings for 8:30 a.m. on November 25, 2002, in Houston, Texas. Lima-Gonzalez did not appear at the hearing and was ordered removed in absentia.

On January 16, 2018, Lima-Gonzalez moved to reopen proceedings and rescind the in absentia removal order on the grounds that he never received proper notice of the hearing. The IJ denied the motion, explaining that the superseding notice of hearing was served on Lima-Gonzalez through his then-attorney. Shortly thereafter, the Supreme Court issued its decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). On appeal to the BIA, Lima-Gonzalez argued, inter alia, that he was eligible for cancellation of removal under *Pereira* because the NTA was insufficient to trigger the so-called "stop-time" rule of 8 U.S.C. § 1229b(b) and he had accordingly established more than 10 years of continuous physical presence in the United States. The BIA disagreed, stating that the notices of hearing, in combination with the NTA, triggered the stop-time rule.

In considering the BIA's decision, factual findings are reviewed for substantial evidence and legal questions de novo, giving deference to the BIA's interpretation of any ambiguous immigration statutes. *See Orellano-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Lima-Gonzalez first argues that the BIA abused its discretion in interpreting the immigration statutes and finding that Florido was his "counsel of record" authorized to receive notice on his behalf under 8 U.S.C. § 1229(a)(2)(A). Lima-Gonzalez failed to raise this argument before the IJ or the BIA and accordingly this court lacks jurisdiction to consider the issue. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009); 8 U.S.C. § 1252(d)(1). Accordingly, this portion of his petition is dismissed for lack of jurisdiction.

Lima-Gonzalez also maintains that he never received proper statutory notice required to trigger the stop-time rule of § 1229b(d)(1)(A). Cancellation of removal is available under § 1229b(b) to certain nonpermanent residents who, inter alia, have been continuously present in the United States for at least 10 years. *See* § 1229b(b)(1). The period of physical presence is deemed to end when the alien is served with a NTA under 8 U.S.C. § 1229(a). *See* § 1229b(d)(1)(A).

After briefing in this case was complete, the Supreme Court held that "the statute allows the government to invoke the stop-time rule only if it furnishes the alien with a single compliant document explaining what it intends to do and when." *Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1485 (2021). The Court noted that § 1229(a) requires the document to specify "the nature of the proceedings against the alien, the legal authority for the proceedings, the charges against the alien, the fact that the alien may be represented by counsel, the time and place at which the proceedings will be held, and the consequences of failing to appear." *Id.* at 1479; *see also* § 1229(a)(1)(A)-(G) (listing specifications required in written notice for removal proceedings).

Lima-Gonzalez's NTA did not contain the information required to trigger the stop-time rule. *See Niz-Chavez*, 141 S. Ct. at 1478-79, 1485; *see also* § 1229(a)(1)(A)–(G). Neither did any of the subsequent notices of

hearing.  As a result, the Government has not furnished Lima-Gonzalez with the "single compliant document" required by statute. *Niz-Chavez*, 141 S. Ct. at 1485.

Accordingly, Lima-Gonzalez's petition for review is DISMISSED in part and GRANTED in part.  The BIA's decision is VACATED, and this matter is REMANDED to the BIA for further consideration in the light of *Niz-Chavez*.